1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GEORGE TYRONE DUNLAP, JR.,      )
                                )
              Petitioner,       )        3:07-cv-00019-RCJ-WGC
                                )
vs.                             )
                                )        **ORDER**
PALMER, WARDEN, *et al.,*        )
                                )
              Respondents.      )
_____ /

     This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se.* Before the court is respondents' motion to dismiss the amended petition. (ECF No. 48.) Petitioner has opposed the motion (ECF No. 54), and respondents have replied (ECF No. 55).

**I.      Procedural History and Background**

     On July 24, 2002, the State of Nevada filed an information in the Eighth Judicial District Court for the State of Nevada charging petitioner with three counts of first-degree kidnaping, three counts of sexual assault with a minor under fourteen years of age, three counts of lewdness with a child under the age of fourteen, two counts of coercion, and one count of battery with intent to commit sexual assault. (Exhibits to Answer Ex. 5, ECF No. 23.)[1] At an initial arraignment held July 30, 2002, petitioner

_____

[1] The exhibits referenced in this order are found in the court's record at ECF No. 23 which was filed with respondents' answer, and ECF Nos. 48-51, which were filed with respondents' motion to dismiss.

1   pleaded not guilty to all charges. (*Id.* Ex. 4.) Petitioner was represented by the public defender's office

2   until December 5, 2002, when, after holding a hearing and canvassing petitioner, the court allowed

3   petitioner to proceed representing himself with the public defender's office as stand-by counsel. (*Id.*)

4   Petitioner remained *pro se* until June 30, 2003, when the court re-appointed the public defender's office

5   to represent petitioner. (*Id.*) On October 21, 2003, the court granted the public defender's motion to

6   withdraw as counsel, and on February 13, 2004, the court appointed alternate counsel. (*Id.*; Exhibits to

7   Mot. to Dismiss Ex. 76, ECF No. 49.) Alternate counsel continued to represent petitioner despite

8   petitioner's numerous motions to dismiss him and appoint other counsel. (Exhibits to Answer, Ex. 4,

9   Ex. 29, Ex. 30; Exhibits to Mot. to Dismiss Ex. 77, Ex. 79, Ex. 83.) On August 5, 2005, alternate

10  counsel moved to withdraw as counsel of record, however, on August 22, 2005, at a hearing on the

11  motion, alternate counsel stated that he had just received a plea offer from the State that he wished to

12  discuss with petitioner. (Exhibits to Mot. to Dismiss Ex. 85; Exhibits to Answer Ex. 31.)

13          On August 23, 2005, the State filed an amended information charging petitioner with two counts

14  of attempted sexual assault (counts one and two) and one count of attempted lewdness with a minor

15  under the age of fourteen (count three). (Exhibits to Mot. to Dismiss Ex. 86.) On that same day,

16  petitioner entered an *Alford* plea, as provided by *North Carolina v. Alford*, 400 U.S. 25 (1970), to several

17  charges pursuant a plea agreement with the State. (Exhibits to Answer Ex. 32, Ex. 33.) Under the

18  agreement, petitioner agreed to enter an *Alford* plea to all counts in the amended information.[2] (*Id.*) In

19  exchange for petitioner's plea, the State agreed to retain the right to argue at sentencing but to cap the

20  sentence of each count at ten years. (*Id.*)

21          Prior to sentencing, petitioner filed a *pro se* motion to withdraw his plea and to dismiss his

22  counsel. (Exhibits to Mot. to Dismiss Ex. 87, Ex. 88.) In response to the motions, the court appointed

23  an independent attorney to review the plea agreement. (*Id.* Ex. 4.) At a hearing held, October 26, 2005,

24  independent counsel advised the court that he found no legal basis on which petitioner could withdraw

25

26          [2] Although the plea agreement states that petitioner would plead guilty, it appears that after further discussion at the entry-of-plea hearing, the parties agreed that petitioner would enter an *Alford* plea instead of a guilty plea. (Exhibits to Answer Ex. 32, Ex. 33.)

his plea. (*Id.*) The court ultimately denied petitioner's *pro se* motions and proceeded with sentencing on January 11, 2006. (*Id.*) The court sentenced petitioner to four to ten years on count one; four to ten years on count two, concurrent to count one; and four to ten years on count three, consecutive to count two. (*Id.*; Exhibits to Answer Ex. 37.) The judgment of conviction issued March 3, 2006. (Exhibits to Answer Ex. 37.) Petitioner did not file a direct appeal.

On January 20, 2006, petitioner filed his first state post-conviction petition. (Exhibits to Answer Ex. 34.) On March 24, 2006, without holding an evidentiary hearing, the District Court denied the petition. (*Id.* Ex. 42.) Petitioner appealed. (*Id.* Ex. 39.) On March 15, 2006, petitioner filed his second state post-conviction petition. (Exhibits to Mot. to Dismiss Ex. 94, ECF No. 50.) On June 14, 2006, without holding an evidentiary hearing, the District Court denied the petition. (Exhibits to Answer Ex. 45.) Petitioner appealed. (*Id.* 46.) On November 28, 2006, the Nevada Supreme Court affirmed the District Court's denial of petitioner's first and second post-conviction petitions. (*Id.* Ex. 50.)

On January 2, 2007, petitioner dispatched his petition for writ of habeas corpus to this court. (ECF No. 3.) In an order issued May 1, 2009, the court found part of ground two of the petition unexhausted. (ECF No. 34.) On September 22, 2009, the court stayed the case while petitioner returned to state court to exhaust the claim. (ECF No. 38.)

On July 1, 2009, petitioner filed his third state post-conviction petition. (Exhibits to Mot. to Dismiss Ex. 114.) On October 26, 2009, without holding an evidentiary hearing, the District Court denied the petition. (*Id.* Ex. 118.) Petitioner appealed. (*Id.* Ex. 119.) On July 15, 2010, the Nevada Supreme Court affirmed the District Court's denial of petitioner's third post-conviction petition. (*Id.* Ex. 128.)

This court reopened petitioner's federal habeas corpus action on October 19, 2010. (ECF No. 45.) Petitioner filed an amended petition on October 28, 2010. (ECF No. 47.)

**II.    Discussion**

Respondents move to dismiss the amended petition because: (1) the grounds of the amended petition do not relate back to the original petition, which renders them untimely; (2) some of the claims

1    in the amended petition are unexhausted, (3) the grounds of the amended petition are procedurally

2    barred; and (4) certain claims are not cognizable or are duplicative.

3            **A. Grounds One and Three**

4            In ground one, petitioner claims that his rights under the Fourth and Fifth Amendments to the

5    United States Constitution were violated when the State fabricated false information and evidence used

6    to convict him.  Additionally, petitioner alleges that the State collected and withheld DNA evidence

7    proving his innocence.  Petitioner also alleges that his trial counsel was ineffective because he was

8    unwilling to prepare for trial and caused petitioner to enter into the plea agreement under duress and by

9    threat.

10           In ground three, petitioner claims that his rights under the Fourth, Fifth, Sixth, Eighth, and

11   Fourteenth Amendments to the United States Constitution were violated when the state knowingly and

12   willfully assisted in a conspiracy to convict him even though he is innocent.  Petitioner claims that police

13   detectives and prosecutors tampered with witnesses, withheld exonerating evidence, and disregarded his

14   innocence.  In addition, petitioner alleges that his trial counsel was ineffective because he sided with the

15   prosecution to seek petitioner's conviction and was unwilling to prepare and proceed to trial.  Last,

16   petitioner alleges that his trial counsel was ineffective for failing to move to suppress all tainted

17   testimony and fabricated evidence.

18           Assuming without deciding that grounds one and three relate back to the original petition and

19   are exhausted, the vast majority of the claims contained in the grounds are, nevertheless, procedurally

20   defaulted.  Furthermore, the claims within grounds one and three that are not procedurally defaulted are

21   either duplicative of other claims or fail to relate back to the original petition and are, therefore,

22   untimely.

23           1.  Procedural Default

24           Generally, in order for a federal court to review a habeas corpus claim, the claim must be both

25   exhausted and not procedurally barred.  *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).  A

26   federal court will not review a claim for habeas corpus relief if the decision of the state court regarding

4

that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner,* 328 F.3d at 1046.

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted). Petitioner also must show prejudice to excuse the procedural default. The prejudice that is required as part of the showing of cause and prejudice to overcome a procedural default is "actual harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d 613, 617 (1998); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

"Cause" to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman v. Thompson*, 501 U.S. at 755; *Murray v. Carrier*, 477 U.S. at 488; *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

1    With respect to the prejudice prong of cause and prejudice, the petitioner bears:

2        the burden of showing not merely that the errors [complained of]
         constituted a possibility of prejudice, but that they worked to his actual
3        and substantial disadvantage, infecting his entire [proceeding] with errors
         of constitutional dimension.

4
*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170
5
(1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner suffered
6
actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530
7
n.3 (9th Cir. 1988).
8
         In addition, a petitioner can avoid the application of the procedural default doctrine by
9
demonstrating that the federal court's failure to consider his claims will result in a fundamental
10
miscarriage of justice.  To prove a "fundamental miscarriage of justice," petitioner must show that the
11
constitutional error of which he complains "has probably resulted in the conviction of one who is
12
actually innocent."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477
13
U.S. at 496).  "Actual innocence" is established when, in light of all of the evidence, "it is more likely
14
than not that no reasonable juror would have convicted [the petitioner]."  *Bousley v. United States*, 523
15
U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).  "'[A]ctual innocence' means factual
16
innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. at 623.  Petitioner can make
17
a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient
18
doubt as "to undermine confidence in the result of the trial."  *Schlup v. Delo*, 513 U.S. at 324.
19
         In this case, petitioner entered an *Alford* plea to two counts of attempted sexual assault and one
20
count of attempted lewdness with a minor under the age of fourteen.  An *Alford* plea is a guilty plea
21
accompanied by the defendant's claim of innocence.  *Edwards v. Carpenter*, 529 U.S. 446, 448 (2000)
22
(citing *North Carolina v. Alford*, 400 U.S. 25 (1970)).  Under Nevada law, the only claims that may be
23
brought in a petition for writ of habeas corpus challenging a judgment of conviction based on a guilty
24
plea are those claims that allege the plea was involuntary or unknowingly entered, or that the plea was
25
entered without effective assistance of counsel. Any other claims are subject to dismissal. Nev. Rev.
26
Stat. § 34.810(1)(a); *Kirksey v. State*, 112 Nev. 980, 923 P.2d 1102 (1996). The Nevada Supreme Court

6

explicitly relied on this procedural bar when it declined to review any of the claims in petitioner's first post-conviction petition except for the claims of ineffective assistance of counsel. (Exhibits to Answer Ex. 22, at 2). As to petitioner's second post-conviction petition, the Nevada Supreme Court expressly held that it was procedurally barred under Nev. Rev. Stat. § 34.810(2) as a successive petition. (*Id*. at 6.) The Ninth Circuit has held that, at least in non-capital cases, application of the procedural bars of Nev. Rev. Stat. § 34.810(1) and Nev. Rev. Stat. § 34.810(2) are independent and adequate state grounds. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Therefore, this court finds that the Nevada Supreme Court's holding that all grounds, aside from those claiming ineffective assistance of counsel, were procedurally barred under Nev. Rev. Stat. § 34.810(1)(a) was an independent and adequate ground for the court's dismissal of those grounds in petitioner's first state post-conviction petition. Additionally, the court finds that the Nevada Supreme Court's conclusion that petitioner's second post-conviction petition was procedurally barred under Nev. Rev. Stat. § 34.810(2) was an independent and adequate ground for dismissal. Petitioner does not present any argument concerning cause and prejudice in his opposition to the instant motion to dismiss. To the extent petitioner argues that he is actually innocent to avoid procedural default, petitioner fails to make an adequate showing because he fails to present any new evidence in support of his argument. Accordingly, the court grants respondents' motion to dismiss the claims in grounds one and three, other than those based on ineffective assistance of counsel, as procedurally defaulted.

### 2.  Duplicative Claims

In ground one, petitioner alleges that his trial counsel was ineffective because he was unwilling to prepare for trial and caused petitioner to enter into the plea agreement under duress and by threat. In ground three, petitioner alleges that his trial counsel was ineffective because he sided with the prosecution to seek petitioner's conviction and was unwilling to prepare and proceed to trial. These claims are identical to claims raised by petitioner in ground two. Therefore, the court dismisses these claims as duplicative.

3.  AEDPA Statute of Limitations and Relation Back

In ground three, petitioner alleges that his trial counsel was ineffective for failing to move to suppress all tainted testimony and fabricated evidence.  Petitioner did not include this claim in his original petition in this court but seeks to raise it in his amended petition.

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

Under Federal Rule of Civil Procedure 15, an amended pleading "relates back" to the original pleading only if the acts described in the amended pleading are set forth in the original pleading.  Fed. R. Civ. P. 15(c)(2).  An amended habeas petition only relates back if the amended claims are tied to the "same core of operative facts" as alleged in the original petition.  *Mayle v. Felix*, 545 U.S. 644, 664

(2005).  In *Mayle*, the petitioner originally raised only a Confrontation Clause claim in his habeas petition, based on the admission of video-taped prosecution witness testimony.  *Mayle*, 545 U.S. at 648-49.  After the one-year AEDPA statute of limitations had passed, petitioner then sought to amend his habeas petition to allege a Fifth Amendment claim based on coercive police tactics used to obtain damaging statements from him.  *Id.*  The factual basis for each claim was distinct.  Petitioner then argued that his amended claim related back to the date of his original habeas petition because the claim arose out of the same trial, conviction or sentence.  *Id.* at 659-661.  In rejecting petitioner's argument the Supreme Court held that if "claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance."  *Id.* at 662.

In this case, petitioner's original petition, which he dispatched to this court on January 2, 2007, was timely filed.  However, petitioner's amended petition was filed well outside the one-year limitations period.  Petitioner dispatched his amended petition on October 25, 2010, which is over three years after he filed his original petition.  If the claim of ineffective assistance of counsel in ground three in the amended petition does not relate back to the original petition of January 2, 2007, it is time-barred.

In his original petition, petitioner's claims concerning the ineffectiveness of his trial counsel center on counsel's refusal to investigate the case and prepare for trial, counsel's threats to withdraw unless petitioner entered a plea deal, counsel's misrepresentation of the terms of the plea deal, and counsel's refusal to move to withdraw petitioner's plea.  (ECF No. 3.)  In the amended petition, petitioner alleges in ground three that trial counsel was ineffective because he failed to have all "tainted testimony and fabricate[d] evidence tossed out, as well as charges dismissed."  (ECF No. 47 at 14.)  This claim is not tied to the common core of operative facts underlying the claims of ineffective assistance of counsel in the original petition.  Petitioner's claim that counsel should have moved to suppress evidence and to dismiss the charges is distinct and separate from the claims concerning counsel's lack of preparation for trial and misconduct regarding the plea agreement.  Because petitioner's claim in ground three that counsel was ineffective for failing to move to suppress evidence and dismiss the

1   charges against him does not relate back to the claims in the original petition, it is untimely and subject

2   to dismissal.

3       **B. Ground Two**

4       In ground two, petitioner alleges that he was denied his right to effective assistance of counsel

5   under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Petitioner claims

6   that his trial counsel would not prepare and proceed to trial and that his only goal was to force petitioner

7   to take a plea deal.  Petitioner alleges that counsel threatened to withdraw seven days before trial if

8   petitioner refused to take the plea deal offered by the state.  Petitioner claims that he took the plea deal

9   under duress after counsel threatened to withdraw.  According to petitioner, he was not allowed to view

10  or read the plea agreement, and he was rushed into signing it.  Petitioner claims that counsel

11  misrepresented the terms of the plea agreement and that he would not have entered into the plea deal but

12  for counsel's misrepresentations.  Petitioner alleges that counsel displayed racial animus toward him and

13  would not defend him.  Additionally, petitioner claims that counsel threatened to assist the state with

14  pursuing his conviction.  Petitioner alleges that the trial judge was counsel's golfing buddy.  Petitioner

15  alleges that counsel stated that he would not file an appeal or assist petitioner with his appeal and that

16  in order to pursue an appeal, petitioner would have to do it himself or find someone else to assist him.

17  Last, petitioner claims that after sentencing, counsel told petitioner, "Don't drop the soap," which left

18  him in pure shock and confusion.

19      Respondents argue that petitioner's claim that counsel was ineffective with regard to direct

20  appeal is untimely because is does not relate back to the original petition and is procedurally barred.

21  Additionally, respondents assert that petitioner presents new facts in ground two of his amended petition

22  that he failed to present to the Nevada Supreme Court, which renders ground two unexhausted.

23          1.    Claim Regarding Failure to Pursue Direct Appeal

24      Assuming without deciding that petitioner's claim that counsel was ineffective for failing to

25  assist him with his direct appeal relates back to the original petition and is exhausted, it is, nonetheless,

26  procedurally defaulted.

As discussed above, with respect to grounds one and three, a federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted).

Here, on May 1, 2009, this court concluded that this claim was unexhausted. (ECF No. 34.) The court stayed this case so that petitioner could return to state court to exhaust the claim. (ECF No. 38.) On July 1, 2009, petitioner filed his third state post-conviction petition in District Court presenting this claim. (Exhibits to Mot. to Dismiss Ex. 114.) The District Court denied the petition, and petitioner appealed. (*Id*. Ex. 118, Ex. 119.) In affirming the District Court's denial of the petition, the Nevada Supreme Court held that the petition was procedurally barred because it was untimely under Nev. Rev. Stat. § 34.726 and successive under Nev. Rev. Stat. § 34.810(2). As discussed above, the Ninth Circuit has concluded that Nev. Rev. Stat. § 34.810(2) is an independent and adequate state law ground. The Ninth Circuit has also held application of Nev. Rev. Stat. § 34.726(1) to be independent and adequate state law grounds. *Moran v.McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996). Petitioner does not present any argument concerning cause and prejudice in his papers. To the extent petitioner argues that he is actually innocent to avoid procedural default, petitioner fails to make an adequate showing because he fails to present any new evidence in support of his argument. Accordingly, the court finds that petitioner's claim in ground two that counsel was ineffective for failing to assist him with his direct appeal was procedurally defaulted in state court on independent and adequate state grounds. Thus, the court dismisses this claim.

### 2. New Facts in the Amended Petition

Respondents argue that the following allegations contained in petitioner's amended petition were never presented to the Nevada Supreme Court: that petitioner was rushed into signing the plea

1  agreement; that defense counsel demonstrated racial animus toward petitioner; that the District Court

2  judge was a golfing buddy of defense counsel; and that counsel smiled and said, "Don't drop the soap"

3  as he left sentencing, leaving petitioner is pure shock and confusion.  Respondents contend that the

4  addition of these factual allegations to ground two renders it unexhausted.

5         A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

6  exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28

7  U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims

8  before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844

9  (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the

10  petitioner has given the highest available state court the opportunity to consider the claim through direct

11  appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004);

12  *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

13         A habeas petitioner must "present the state courts with the same claim he urges upon the federal

14  court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim,

15  not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v.*

16  *Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve

17  exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the

18  United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

19  federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106

20  (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to

21  potential litigants: before you bring any claims to federal court, be sure that you first have taken each

22  one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S.

23  509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal

24  protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195

25   F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies

26

1    federal constitutional principles will suffice.  *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003)

2    (en banc).

3          A claim is not exhausted unless the petitioner has presented to the state court the same operative

4    facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. Of*

5    *Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the

6    petitioner presents to the federal court facts or evidence which place the claim in a significantly different

7    posture than it was in the state courts, or where different facts are presented at the federal level to support

8    the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688

9    F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).  However,

10   "new factual allegations do not render a claim unexhausted unless they 'fundamentally alter the legal

11   claim already considered by the state courts.'" *Belmontes v. Brown*, 414 F.3d 1094, 1117-18 (9th Cir.

12   2005), *reversed on other grounds*, *Belmontes v. Ayers*, 529 F.3d 834 (9th Cir. 2008); *Weaver v.*

13   *Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).  For example, a petitioner who presented an ineffective

14   assistance of counsel claim in state court cannot later add "unrelated alleged instances of counsel's

15   ineffectiveness to his claim" in federal court.  *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir.

16   2005).  For a claim to be rendered unexhausted by additional facts, the new material should place the

17   claim in a 'significantly different and stronger evidentiary posture" from the claim considered by the

18   state courts.  *Aiken v. Spalding*, 841 F.2d 881, 884 n. 3 (9th Cir. 1988).

19         In this case, the court concludes that the four additional facts contained in the amended petition

20   render ground two unexhausted.  Petitioner's additional allegations fundamentally alter the ineffective

21   assistance of counsel claim presented in state court because the new facts, in actuality, present new

22   claims. Although petitioner's ineffective assistance of counsel claim presented in state court is grounded

23   in counsel's alleged misconduct, petitioner did not allege that counsel's actions resulted from racial

24   animus or that his counsel being the "golfing buddy" of the District Court judge affected his

25   performance. Similarly,  petitioner's allegations that he was rushed into signing the plea agreement and

26   that counsel smiled and said, "Don't drop the soap" as he left sentencing fundamentally alter the

1    ineffective assistance of counsel claim presented to the state courts.  Petitioner's discontent with

2    counsel's actions during the plea negotiations and entry of plea center on allegations of

3    misrepresentation, duress, and threats by counsel.  Petitioner's new claims that he was rushed into

4    signing the plea agreement and that counsel said, "Don't drop the soap" as he left sentencing cast his

5    ineffective assistance of counsel claim in a different and distinct light from the claim presented in state

6    court. In sum, the four additional allegations in petitioner's amended petition amount to new claims that

7    were never presented to the state courts.  Therefore, petitioner's failure to present these allegations to

8    the state courts renders ground two unexhausted.

9         Moreover, even if these new claims were exhausted, they fail to relate back to petitioner's

10   original petition, and are thus, untimely.  As discussed above with respect to ground three, an amended

11   habeas petition only relates back if the amended claims are tied to the "same core of operative facts" as

12   alleged in the original petition.  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  Within the context of

13   exhaustion, the court has already concluded that the four new allegations do not arise out of the same

14   core of operative facts as presented to the state courts.  In comparing the four new allegations to the

15   original petition filed in this court, the court similarly finds that the new claims in the amended petition

16   are not tied to the same core of operative facts as those alleged in the original petition filed in federal

17   court. Accordingly, in addition to finding the new allegations unexhausted, the court concludes that even

18   if they were exhausted, they would be time-barred under the AEDPA.  Thus, the court dismisses the four

19   new claims in ground two as untimely.

20   **III.   Conclusion**

21        **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 48) is

22   **GRANTED** as follows:

23        1.  The claims in grounds one and three of the amended petition, other than those concerning the

24   ineffective assistance of counsel, are **DISMISSED** as procedurally defaulted.

25        2.  The ineffective assistance of counsel claims in ground one are **DISMISSED** as duplicative.

26        3.  The ineffective assistance of counsel claims in ground three are **DISMISSED** as untimely.

4.   The ineffective assistance of counsel claim concerning direct appeal in ground two is **DISMISSED** as procedurally defaulted.

5.  The following sub-claims in ground two are **DISMISSED** as untimely: that defense counsel demonstrated racial animus toward petitioner; that the District Court judge was a golfing buddy of defense counsel; that he was rushed into signing the plea agreement; and that counsel smiled and said, "Don't drop the soap" as he left sentencing.

**IT IS FURTHER ORDERED** that respondents' answer to the remaining claims in ground two of the amended petition shall be filed and served within thirty days of service of this order.  Petitioner's reply shall be filed and served within thirty days of service of respondents' answer.

Dated this 13th day of September, 2011.

_____
UNITED STATES DISTRICT JUDGE